## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

CALVIN B. JAMES,              )
                             )
                             )
           Plaintiff,        )
                             )
v.                           )        CV419-289
                             )        CR418-205
                             )
UNITED STATES OF             )
AMERICA,                     )
                             )
                             )
           Defendant.        )

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Calvin B. James moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. Docs. 75.[1] Preliminary review under Rule 4(b) of the Rules Governing § 2255 Motions[2] shows that his motion is not yet ripe. Also before the Court is plaintiff's motion to dismiss the undersigned, which the Court construes as a motion for recusal. Doc. 93.

---

[1] The Court is citing to the criminal docket in CR418-205 unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

[2] "The judge who receives the [§ 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  28 U.S.C. 2255, Rule 4(b).

For the following reasons, the plaintiff's § 2255 motion should be **DISMISSED** and motion for recusal is **DENIED**.

Plaintiff's conviction is currently pending appeal before the Eleventh Circuit. *See United States v. James*, No. 19-11549 (11th Cir. April 23, 2019. "The general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990) (affirming denial of § 2255 motion for lack of jurisdiction); *see also United States v. Dunham*, 240 F.3d 1328, 1329–30 (11th Cir. 2001) (*per curiam*) (concluding that district court lacked jurisdiction to consider and rule on § 2255 motion during pendency of direct appeal of sentence); *see also United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) (*per curiam*) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief."). His present § 2255 motion to vacate, set aside, or correct his sentence is, therefore, premature. Moreover, movant has pointed to no extraordinary circumstances warranting consideration of his motion at this stage of his case. Accordingly, this Court is without jurisdiction to consider movant's § 2255 motion, and the undersigned

recommends that the instant motion be **DENIED WITHOUT PREJUDICE** to movant's right to file a new habeas petition if and when it becomes ripe for adjudication.

Plaintiff also seeks the removal of the undersigned pursuant to the "one free bite" rule.  Doc. 93.  The "one free bite" rule is an archaic rule of tort law that is irrelevant to the continued participation of a judge.  It essentially grants a mulligan to the owner of a domesticated animal that bites another person, if the owner was not on notice of the animal's proclivity to bite because it had not previously done so.  *One-bite Rule*, Black's Law Dictionary (10th ed. 2014) ("A common-law rule or statutory provision holding a dog-owner responsible for any harm or injury caused by the dog only if the owner knows or has reason to know that the dog is dangerous. . . . Also termed *first-bite rule; one-free-bite rule*.").  Neither the "one bite rule" nor any other common-law or statutory construction known to the Court allows a party a free pass to change their judge without good cause.  Beyond his assertion of an outdated, inapplicable doctrine, plaintiff has pointed to no grounds warranting recusing in this case.

Two federal statutes govern judicial disqualification.  The first, 28 U.S.C. § 144, only applies when "a party . . . makes and files a timely and

sufficient affidavit . . . ." Since no such affidavit has been filed, it does not apply here. The second, 28 U.S.C. § 455, "places a judge under a self-enforcing obligation to recuse himself where the proper legal grounds exist." *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987), *superseded by statute on other grounds as recognized by J.W. by and through Tammy Williams v. Birmingham Bd. of Ed.*, 904 F.3d 1248, 1254 (11th Cir. 2018). As none of the grounds for mandatory disqualification enumerated under § 455(b) are applicable in this case, the only remaining justification for disqualification is if my "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This requires consideration of whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (*quoting Parker v. Connors Steel, Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988), *cert. denied*, 540 U.S. 1149 (2004)). As Plaintiff has articulated no grounds for questioning the impartiality of the Court, recusal is not warranted and the motion is, therefore, **DENIED**.

In summary, plaintiff's motion for recusal is **DENIED**.  Doc. 93. The Court also recommends that the motion to vacate, set aside, or correct under 28 U.S.C. § 2255 be **DISMISSED, WITHOUT PREDICE** as not yet ripe.  Doc. 75.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 17th day of July, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA